# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. **CM0505-21**<br>GPD Report Nos. 21-31788/21-31787 |
| vs. | |
| **MS SANY,**<br>*aka* **Rambo**<br>*aka* **Sally**<br>*aka* **Rabo**<br>DOB: 09/13/1984 | **DECISION & ORDER<br>RE. PEOPLE'S RESTITUTION<br>SUMMARY REPORT** |
| Defendant. | |

This matter came before the Honorable Alberto E. Tolentino on September 26, 2024, for a Restitution Hearing. Defendant MS Sany ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). The People previously filed its Restitution Summary Report on July 28, 2022. Upon the court's entry of judgment, the Defendant filed his objection to the Restitution Summary Report on May 20, 2024. Following the Restitution Hearing, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.1(e)(6)(A) and CR1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' oral arguments and the applicable law, the court now issues this Decision and Order **DENYING** the People's Restitution Summary Report.

\\

## BACKGROUND

On October 24, 2022, Defendant MS Sany pled guilty to DRIVING WHILE IMPAIRED (As a Misdemeanor). Judgment (July 6, 2023). This stems from events that occurred on or about December 20, 2021. According to the Guam Police Department's crash report, the Defendant's vehicle collided with the victim Irene Andal's ("Victim") vehicle, which was stopped at a red light. Magistrate's Compl., Decl. (Dec. 21, 2021). Among other conditions in his Plea Agreement, the Defendant agreed to pay any restitution to the Victim in this case.

On July 28, 2022, the People submitted its Restitution Summary Report ("Restitution Report") requesting restitution in the amount of Two Thousand Five Hundred Eighty-Nine Dollars and Twenty Cents ($2,589.20). Rest. Summary (July 28, 2022). This amount pertains to the Victim's "Vehicle Repairs for 2016 Toyota Sienna LE" based on an estimate conducted by Atkins Krolls Inc. – Body Shop ("Atkins Krolls"). *Id.* at 2. On May 20, 2024, the Defendant filed an objection to the Restitution Report arguing that the People have not provided whether the Victim's insurance can fully or partially cover the cost of the vehicle's damages; or if her vehicle has been repaired since the People filed the Restitution Report. Def.'s Objection at 2 (May 20, 2024).

On September 26, 2024, the court held a Restitution Hearing where the Victim testified about the incident and the restitution she is requesting. Rest. Hr'g Mins. at 2:51:11–3:08:51PM (Sept. 26, 2024). The court then took the matter under advisement.

## DISCUSSION

Under 9 GCA § 80.50, a person who has been convicted of a misdemeanor offense may be sentenced to pay a fine or to make restitution not exceeding One Thousand Dollars ($1,000.00); or "any higher amount equal to double the pecuniary gain to the offender or loss to

the victim caused by the conduct constituting the offense by the offender." 9 GCA § 80.50(c) and (e). While the court may order the Defendant to pay restitution of up to One Thousand Dollars ($1,000.00) without any specific findings, the court must make such findings for any higher amount that does not exceed double the loss to the victim or gain to the defendant. *People v. Mallo*, 2008 Guam 23 ¶ 43. The People have the burden of proving the amount of the loss by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

In this case, the People argue that the Defendant should pay $2,589.20 in restitution for the Victim's losses. Rest. Hr'g Mins. at 3:03:15–03:26PM (Sept. 26, 2024). In contrast, the Defendant argues that the Victim is entitled to restitution that equals the difference between the fair market value of her vehicle before and after the accident. *Id.* at 3:04:51–05:04PM.

During the Restitution Hearing, it was established that the Victim currently operates her vehicle with all its unrepaired damages since the night of the accident. Rest. Hr'g Mins. at 2:56:47–56:58PM (Sept. 26, 2024). Even though there are no photographs of the Victim's vehicle before or after the accident, the Victim noted that her vehicle had pre-existing "wear and tear" damages, such as scratches. *Id.* at 2:57:22–3:05:22PM. While the Victim did not get an estimate for repairs until over a year after the accident, the People were unable to show whether the estimate encompasses costs for parts or repairs stemming from events before the accident, from the accident itself, or events subsequent to the accident. Rest. Summary at 6.

Because the People did not prove by a preponderance of evidence that the Victim suffered a loss exceeding One Thousand Dollars from the Defendant's conduct constituting the offense of Driving While Impaired, the court denies the People's restitution request in the amount of Two Thousand Five Hundred Eighty-Nine Dollars and Twenty Cents.

## CONCLUSION

For the reasons set forth above, the court hereby **DENIES** the People's request for Restitution in the amount of Two Thousand Five Hundred Eighty-Nine Dollars and Twenty Cents ($2,589.20). Pursuant to 9 GCA § 80.50, the court hereby **ORDERS** that Defendant MS Sany to pay **One Thousand Dollars ($1,000.00)** in restitution to the victim Irene Andal.

**SO ORDERED** this    JAN 0 9 2025    .



**HONORABLE ALBERTO E. TOLENTINO**
Judge, Superior Court of Guam